## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHAY BANK, | ) |
| *Plaintiff.* | ) ) ) ) |
| v. | ) ) |
| KINGSTON WIND INDEPENDENCE LLC, a Massachusetts Limited Liability Company, BRADFORD CLEAVES, an individual, KIALLY M. RUIZ, an individual, and DUNCAN PETERSON, an individual, | ) ) ) ) ) ) ) ) |
| *Defendant.* | ) |

## **VERIFIED COMPLAINT**

Plaintiff Cathay Bank, by and through its undersigned counsel, Day Pitney LLP, alleges as follows:

## **INTRODUCTION**

This action is based on the failure of the defendants to repay the remaining balance due to the plaintiff on a loan made in 2011 to finance the acquisition and construction of a wind turbine electric generating facility in Kingston, Massachusetts.

105974251.5

## PARTIES

1. Plaintiff Cathay Bank ("Cathay Bank" or "Plaintiff") is a California state-chartered commercial bank and is authorized to do business in the Commonwealth of Massachusetts.

2. Defendant Bradford Cleaves ("Cleaves") is a resident of the state of Maine with an address of 11 Black Willow Drive, South Freeport, Maine 04032.

3. Defendant Kially M. Ruiz ("Ruiz") is a resident of Rhode Island with an address of 60 Almy Knoll Terrace, Portsmouth, Rhode Island 02871.

4. Defendant Duncan Peterson ("Peterson") is a resident of Massachusetts with an address of 12 Cousens Circle, Newton Centre, Massachusetts 02459.

5. Defendant Kingston Wind Independence LLC ("Kingston Wind" or "Borrower", and together with Cleaves, Ruiz, and Peterson, the "Defendants") is a domestic liability limited company that was organized under the laws of the Commonwealth of Massachusetts with a usual place of business located at 649 Broad Street, Weymouth, Massachusetts 02189. The only three members of Kingston Wind are Cleaves, Ruiz, and Peterson, who are residents of Maine, Rhode Island, and Massachusetts, respectively.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This action is between citizens of different states, and the amount-in-controversy exceeds $75,000, excluding interest and costs.

7. The Court has personal jurisdiction over each of the Defendants because each Defendant: (1) is or was a resident of or domiciled in the Commonwealth of Massachusetts; or (2) committed an act or acts within the Commonwealth of Massachusetts out of which this action

arises, including acting as a manager of Kingston Wind and executing loan documents and a guaranty of payment governed by Massachusetts law and payable to the Plaintiff at its office in Boston, Massachusetts, and (3) contractually agreed to submit to personal jurisdiction in Massachusetts.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 for each of the Defendants because it is a district in which a defendant resides and it is where a substantial part of the events or omissions giving rise to this action occurred. Additionally, the parties contractually agreed that venue for the claims would be proper in the federal courts in Massachusetts.

**BACKGROUND**

9. This action arises out of Kingston Wind's default on its obligations to repay Cathay Bank pursuant to the terms of a promissory note (the "Note") and a corresponding Construction to Permanent Loan and Security Agreement (the "Loan Agreement"), both dated November 30, 2011 and executed by Cleaves as Manager of Kingston Wind. Attached as Exhibit A is a true and accurate copy of the Note and attached as Exhibit B is a true and accurate copy of the Loan Agreement.

10. Defendants Cleaves, Ruiz and Peterson (collectively, the "Guarantors") executed a Guaranty of Payment dated November 30, 2011 (the "Guaranty"), pursuant to the terms of which the Guarantors each guaranteed to Cathay Bank the punctual payment and performance, when due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of Borrower to Cathay Bank. The Guaranty is a present and continuing guaranty of payment, and Cathay Bank is not required to prosecute collection, enforcement or other remedies against Borrower or any other guarantor or to enforce or resort to any collateral

for the repayment of the obligations before calling on Guarantors for payment. Attached as Exhibit C is a true and correct copy of the Guaranty.

11. Guarantors knew that the Loan, as defined below, was made to Kingston Wind in reliance, in part, upon the obligations of the Guarantors', jointly and severally, performance of Kingston Wind's payment obligations under the Loan Agreement and other loan documents until the Loan is paid in full.

12. Pursuant to the terms of the Note and the Loan Agreement, Cathay Bank made a loan in the amount of $5,068,000.00 to Kingston Wind (the "Loan"), and Kingston Wind agreed to repay the Loan.

13. Specifically, the Note provided a preliminary Construction Loan Commitment Period, during which Kingston Wind agreed to pay all loan advances at a floating interest rate of the greater of "(A) the Base Rate plus 1.00% per-annum, calculated on a 360-day year and actual days elapsed basis and (B) five and three quarters (5.75%) percent per annum."

14. After the Construction Loan Commitment Period, Kingston Wind agreed to pay interest on all Loan advances at a rate of 5.75% per annum pursuant to the amortization schedule set forth in the Loan Agreement during the first five years of the term of the Loan.

15. Finally, for years six through ten of the term of the Loan, Kingston Wind agreed to pay interest on all Loan advances at the current Prevailing Floor plus one of the following as selected by Kingston Wind: (A) Fixed rate set by the 5-year US Treasury Bill Rate plus 3% per annum; or (B) a floating rate equal to the Base Rate plus 1% per annum.

16. The Note also provides that Kingston Wind agreed to pay a late charge of 5 cents per dollar of any unpaid installment not received by Cathay Bank within ten days of when it was due.

17. Kingston Wind further agreed that, in the event of its default on its obligations under the Note and Loan Agreement, Cathay Bank could charge the default rate set forth in the Note until either the default is remedied or the notice is rescinded.

18. The Note required Kingston Wind to pay the entire unpaid principal and interest by the Initial Maturity Date of June 30, 2012. If the Conversion Conditions were satisfied as set forth in the Note and other loan documents, the maturity date would be extended in accordance with the term of the Loan Agreement from the Initial Maturity Date to the Extended Maturity Date of June 30, 2022. Kingston Wind satisfied the Conversion Conditions set forth in the Note, and the Initial Maturity Date was extended to the Extended Maturity Date.

19. Kingston Wind agreed to pay a prepayment fee if all Conversion Conditions were satisfied and the Extended Maturity Date was in effect.

20. Further, Kingston Wind agreed that, in the event of a default, it would pay reasonable attorneys' fees and collection costs to the holder of the Note in addition to the amounts due and owing under the Loan.

21. Cathay Bank has endeavored in good faith to communicate with Kingston Wind and the Guarantors regarding the distribution of the settlement proceeds, but Kingston Wind and Guarantors have stopped responding to Cathay Bank's inquiries regarding same.

22. Kingston Wind defaulted under the terms of the Loan Documents by, among other things, failing to pay the amounts due and owing pursuant to the terms of the Loan Agreement and the Note and failing to maintain the Loan Covenants, including but not limited to Debt Service Ratio, and failing to provide financial, tax returns and other required documentation pursuant to the Loan Documents.

23. By letter dated July 8, 2020, Cathy Bank declared the Loan immediately due and payable. As of July 6, 2020, the Loan Balance exceeds $1,827,473.20, which includes outstanding principal, interest, late charges, and prepayment fees. Interest continues to accrue at the rate of $234.6759332 per day.

24. Cathay Bank has made numerous efforts to communicate with Kingston Wind and various representatives in an effort to find a solution; however, Kingston Wind has failed to respond in any material way to Cathay Bank's requests.

25. Kingston Wind pursued an arbitration regarding its claims against Hyundai Heavy Industries Co., Ltd. and Hyundai Corporation (jointly, "Hyundai"), alleging that the wind turbine it provided was defective. Kingston Wind informed Cathay Bank that it had agreed to a settlement with Hyundai in the amount of $6.75 million which is to be paid imminently. Despite Cathay Bank's demand, the defendants have failed to provide a copy of the settlement agreement to Cathay Bank.

## **COUNT I**
**(Breach of Contract against Kingston Wind - Note)**

26. Cathay Bank incorporates by reference the allegations in paragraph 1 through 25 as if set forth as paragraphs 1 through 25 of Count I.

27. Kingston Wind has failed to satisfy its obligations under the Note and breached the terms of the Loan Agreement and the Note.

28. As a result of the breach by Kingston Wind, Cathay Bank has been damaged. Pursuant to the terms of the Note, Kingston Wind also is obligated to pay all attorneys' fees, reasonable out-of-pocket expenses incurred by Cathay Bank's attorneys and all costs reasonably incurred by Cathay Bank.

## COUNT II
### (Breach of Contract against Defendant Cleaves-Guaranty)

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth as allegations of Count II.

30. Cleaves has breached his obligations under the Guaranty by failing to pay and perform the obligations of Kingston Wind under the Note and the Loan Agreement

31. As a result of the breach by Kingston Wind and Cleaves, Cathay Bank has been damaged.

## COUNT III
### (Breach of Contract against Defendant Ruiz-Guaranty)

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth as allegations of Count III.

33. Ruiz has breached his obligations under the Guaranty by failing to pay and perform the obligations of Kingston Wind under the Note and the Loan Agreement.

34. As a result of the breach by Kingston Bank and Ruiz, Cathay Bank has been damaged.

## COUNT IV
### (Breach of Contract against Defendant Peterson-Guaranty)

35. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as if fully set forth as allegations of Count IV.

36. Peterson has breached his obligations under the Guaranty by failing to pay and perform the obligations of Kingston Wind under the Note and the Loan Agreement.

37. As a result of the breach by Kingston Bank and Peterson, Cathay Bank has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Cathay Bank respectfully prays for judgment against Defendants as follows:

(1)     As to Count I, a judgment that Kingston Wind has breached the Note, and awarding Cathay Bank compensatory damages in the amount of outstanding principal, interest, late charges, costs, prepayment fee and reasonable attorneys' fees;

(2)     As to Count II, a judgment that Cleaves has breached the Guaranty, and awarding Cathay Bank compensatory damages in the amount of outstanding principal, interest, late charges, costs, prepayment fee and reasonable attorneys' fees;

(3)     As to Count III, a judgment that Ruiz has breached the Guaranty, and awarding Cathay Bank compensatory damages in the amount of outstanding principal, interest, late charges, costs, prepayment fee and reasonable attorneys' fees;

(4)     As to Count IV, a judgment that Peterson has breached the Guaranty, and awarding Cathay Bank compensatory damages in the amount of outstanding principal, interest, late charges, costs, prepayment fee and reasonable attorneys' fees; and

(5)     As to all Counts, a judgment awarding Cathay Bank its costs associated with this action, pre-judgment interest, post-judgment interest, and all other relief as the Court may deem just and proper.

Respectfully submitted,

**CATHAY BANK,**

By its attorneys,


*/s/ Melissa Bruynell Manesse*
Melissa Bruynell Manesse (BBO # 685766)
Day Pitney LLP
One International Place
Boston, MA 02110
mmanesse@daypitney.com
T: (617) 345- 4600
F: (617) 345- 4745


William M. Pezzoni (BBO #397540)
Day Pitney LLP
One International Place
Boston, MA 02110
wpezzoni@daypitney.com
T: (617) 345- 4600
Dated:  July 24, 2020                           F: (617) 345- 4745

## VERIFICATION

I, [CLIENT], on behalf of Cathay Bank, am familiar with and have personal knowledge of the facts upon which this action is based. I have read the foregoing Verified Complaint, and the factual allegations contained therein are true based upon my own personal knowledge or information and belief.

Signed under the pains and penalties of perjury this 23 day of July 2020.

_____
[CLIENT] Grant A. Pattison,
Its First Vice President & Manager,
Commercial Loans, MA.