# Exhibit A

PROMISSORY NOTE

$5,068,000.00                                                                                                November 30, 2011

FOR VALUE RECEIVED, the undersigned, KINGSTON WIND INDEPENDENCE, LLC, a limited liability company formed under the laws of the Commonwealth of Massachusetts having a business address of 415 VFW Drive, Post Office Box 415, Rockland, MA 02370 (the "**Borrower**"), hereby promises to pay to the order of CATHAY BANK a California banking corporation as lender having a business address of 621 Washington Street Boston, MA 02111 ("**Lender**"), the principal sum of $5,068,000.00, or, if greater or less, the aggregate unpaid principal amount of the Loans made by Lender to the Borrower pursuant to the terms of the Loan Agreement (as hereinafter defined), together with interest on the unpaid principal balance thereof as hereinafter set forth, both principal and interest payable as herein provided in lawful money of the United States of America at the offices of the Lender under the Loan Agreement or at such other place as from time to time may be designated by the holder of this Note.

This Note (a) is issued and delivered pursuant to that certain Construction to Permanent Loan and Security Agreement of even date herewith by and between the Borrower and Lender (as from time to time supplemented, amended or restated, the "**Loan Agreement**"), and is the "Note" as defined therein, (b) is subject to the terms and provisions of the Loan Agreement, which contains provisions for acceleration of the maturity hereof upon the happening of certain stated events, and (c) is secured by and entitled to the benefits of certain Security Documents (as identified and defined in the Loan Agreement). Terms used herein, and not otherwise defined herein, shall be given their definitions provided in the Loan Agreement.

ARTICLE 1

Interest Rates and Fees; Payment Dates.

A.   Interest Rates.

(1)   During the Construction Loan Commitment Period, the Borrower shall pay interest on all Advances of the Loan at a floating Interest Rate equal to the greater of (A) the Base Rate plus 1.00% per-annum, calculated on a 360-day year and actual days elapsed basis and (B) five and three quarters (5.75%) percent per annum.

(2)   During Term Years 1-5, the Borrower shall pay interest on all Advances of the Loan at a fixed rate of five and three quarters (5.75%) percent per annum, and shall be payable as part of the periodic amortization amount described in Subpart A.(2) of Article 2 below.

(3)   During Term Years 6-10, the Borrower shall pay interest on all Advances of the Loan at the then Prevailing Floor plus either of the following, as selected by Borrower: (A) a fixed rate equal to the 5-year US Treasury Bill Rate plus three percent (3.00%) per annum or (B) a floating rate equal to the Base Rate plus one percent (1.00%) per annum.

B.   Late Fees. If any installment of principal or interest or any other payment is not paid within ten (10) days after the date when due, then there shall also be immediately due and payable a late charge at the rate of five cents ($.05) for each dollar of such delinquent payment to cover the costs of handling such delinquent payment.

C.   Default Rate. If an Event of Default shall have occurred and be continuing, the Lender may, by notice to the Borrower, elect to have the outstanding Loan bear interest at the Default Rate, whereupon the Loan shall bear interest at the applicable Default Rate until the earlier of (i) the first date thereafter upon which there shall be no Default continuing and (ii) the date upon which the Lender shall have rescinded such notice.

D.   Payment Dates. On each Payment Date, the Borrower shall pay to the Lender all unpaid interest which has accrued on the Loan to but not including such Payment Date.

ARTICLE 2

Conversion; Mandatory Principal Payments; Prepayments

A.   Conversion. Prior to the satisfaction of the Conversion Conditions and the extension of the Initial Maturity Date to the Extended Maturity Date, the entire unpaid principal amount of the Loan and all accrued and unpaid interest thereon shall be due and payable on the Initial Maturity Date. If the Conversion Conditions are satisfied and the Initial Maturity Date shall have been extended to the Extended Maturity Date in accordance with the terms of the Loan Agreement, Borrower shall make monthly payments each in the amount set described in Subpart B(1) hereinbelow and a balloon payment equal to the entire unpaid principal amount of the Loan and all accrued and unpaid interest shall be due and payable on the Extended Maturity Date. As used herein, "**Initial Maturity Date**" shall mean June 30, 2012 and "**Extended Maturity Date**" shall mean June 30, 2022.

B.   Mandatory Principal Payments.

(1)   If the Conversion Conditions are satisfied and the Initial Maturity Date shall have been extended to the Extended Maturity Date in accordance with the terms of the Loan Agreement, then, (a) on each Payment Date beginning on August 1, 2012, the Borrower shall pay to the Lender monthly installments of principal plus interest on the outstanding Loan balance in accordance with the amortization schedule attached hereto as the Schedule I, and (b) the entire unpaid balance of the Note and all interest accrued thereon, and all other sums due under the Loan Documents, shall be due and payable in full on the Extended Maturity Date.

(2)   If, at any time during the Construction Loan Commitment Period the Facility Usage exceeds the Aggregate Commitment, the Borrower shall immediately upon demand prepay a portion of the principal amount of the Loan in an amount at least equal to such excess.

(3)   If, following the Initial Maturity Date, Operating Income is insufficient to service the Loan at a minimum DSCR of 1.25:1, then Borrower shall immediately upon demand pay down the outstanding Principal balance in the amount sufficient for the DSCR to meet a minimum requirement of 1.25:1.

42591164.1

(4) Any sums received by Borrower as part of a Federal Incentive Grant shall be immediately paid to Lender to be applied by Lender toward the all amounts then due and owning under the Loan. To the extent such sums are paid directly to Lender, Lender shall apply such sums toward the outstanding balance of the Loan.

(5) Each prepayment of principal under this subpart shall be accompanied by all interest then accrued and unpaid on the principal so prepaid. Any principal or interest prepaid pursuant to this subpart shall be in addition to, and not in lieu of, all payments otherwise required to be paid under the Loan Documents at the time of such prepayment.

C. <u>Optional Prepayments</u>. The Borrower may, upon three Business Days' notice to the Lender, from time to time and without premium or penalty prepay the Note, in whole or in part, except as provided in <u>Subpart C hereinbelow</u>. Each prepayment under this Subpart shall be applied in accordance with <u>Section 3.1</u> of the Loan Agreement. Any principal or interest prepaid pursuant to this section shall be in addition to, and not in lieu of, all payments otherwise required to be paid under the Loan Documents at the time of such prepayment.

D. <u>Prepayment Fee</u>.

(1) During the Construction Loan Commitment Period, there shall be no Prepayment Fee due for any prepayment of any outstanding principal amount of the Loan outstanding.

(2) If, on the Initial Maturity Date, Borrower elects to repay the entire outstanding principal amount of the Loan, such repayment shall include a fee equal to twenty five hundredths (.25%) percent multiplied by the entire outstanding principal amount of the Loan.

(3) If all of the Conversion Conditions are satisfied and the Initial Maturity Date is extended to the Extended Maturity Date, then the following Prepayment Fee shall be due and payable;

(a) during the first Term Year, a fee equal to five (5.0%) percent multiplied by the entire outstanding principal amount of the Loan;

(b) during the second Term Year, a fee equal to four (4.0%) percent multiplied by the entire outstanding principal amount of the Loan;

(c) during the third Term Year, a fee equal to three (3.0%) percent multiplied by the entire outstanding principal amount of the Loan;

(d) during the fourth Term Year, a fee equal to two (2.0%) percent multiplied by the entire outstanding principal amount of the Loan;

(e) during the fifth Term Year (except the last 60-days thereof), a fee equal to one (1.0%) percent multiplied by the entire outstanding principal amount of the Loan;

(f) during the sixth Term Year, a fee equal to five (5.0%) percent multiplied by the entire outstanding principal amount of the Loan, unless the Interest Rate then in effect is a variable rate;

(g) during the seventh Term Year, a fee equal to four (4.0%) percent multiplied by the entire outstanding principal amount of the Loan, unless the Interest Rate then in effect is a variable rate;

(h) during the eighth Term Year, a fee equal to three (3.0%) percent multiplied by the entire outstanding principal amount of the Loan, unless the Interest Rate then in effect is a variable rate;

(i) during the ninth Term Year, a fee equal to two (2.0%) percent multiplied by the entire outstanding principal amount of the Loan; and

(j) during the tenth Term Year (except the last 60-days thereof, a fee equal to one (1.0%) percent multiplied by the entire outstanding principal amount of the Loan;

Notwithstanding the foregoing, no Prepayment Fee shall be required in connection with the prepayment of the Loan if, during Term Years 6-10, the Interest Rate in effect is a floating rate established pursuant to Subpart A.(3)(B) of Article 1 above.

ARTICLE 3

Miscellaneous

Payments on this Note shall be made and applied as provided in the Loan Agreement. Reference is hereby made to the Loan Agreement for a description of certain rights, limitations of rights, obligations and duties of the parties hereto and for the meanings assigned to terms used and not defined herein and to the Security Documents for a description of the nature and extent of the security thereby provided and the rights of the parties thereto.

Notwithstanding the foregoing paragraph and all other provisions of this Note, in no event shall the interest payable hereon, whether before or after maturity, exceed the maximum interest which, under applicable Law, may be contracted for, charged, or received on this Note, and this Note is expressly made subject to the provisions of the Loan Agreement which more fully set out the limitations on how interest accrues hereon.

If this Note is placed in the hands of an attorney for collection after default, or if all or any part of the indebtedness represented hereby is proved, established or collected in any court or in any bankruptcy, receivership, debtor relief, probate or other court proceedings, the Borrower and all endorsers, sureties and guarantors of this Note jointly and severally agree to pay reasonable attorneys' fees and collection costs to the holder hereof in addition to the principal and interest payable hereunder.

42591164.1

The Borrower and all endorsers, sureties and guarantors of this Note hereby severally waive demand, presentment, notice of demand and of dishonor and nonpayment of this Note, protest, notice of protest, notice of intention to accelerate the maturity of this Note, declaration or notice of acceleration of the maturity of this Note, diligence in collecting, the bringing of any suit against any party and any notice of or defense on account of any extensions, renewals, partial payments or changes in any manner of or in this Note or in any of its terms, provisions and covenants, or any releases or substitutions of any security, or any delay, indulgence or other act of any trustee or any holder hereof, whether before or after maturity.

This Note and the rights and duties of the parties hereto shall be governed by the Laws of The Commonwealth of Massachusetts (without regard to principles of conflicts of law), except to the extent the same are governed by applicable federal Law.

KINGSTON WIND INDEPENDENCE, LLC, a Massachusetts limited liability company

By: _____
Name: Bradford S. Cleaves
Title: Manager

42591164.1

## SCHEDULE I

### AMORTIZATION PAYMENT SCHEDULE