# Exhibit C

Execution version

## GUARANTY OF PAYMENT

**THIS GUARANTY OF PAYMENT** (this "Guaranty") is dated as of November 30, 2011 by **BRADFORD S. CLEAVES**, an individual, **DUNCAN S. PETERSON**, an individual and **KIALLY M. RUIZ**, an individual (jointly and severally, "**Guarantor**"), jointly and severally for the benefit of **CATHAY BANK**, a California banking corporation, its successors and assigns ("**Lender**").

### R E C I T A L S :

A.      Lender has agreed to loan the maximum principal amount of **FIVE MILLION, SIXTY EIGHT THOUSAND AND NO/100 DOLLARS** ($5,068,000) ("**Loan**") to **KINGSTON WIND INDEPENDENCE LLC**, a Massachusetts limited liability company ("**Borrower**") pursuant to the terms and conditions of a Construction to Permanent Loan and Security Agreement Loan Agreement of even date herewith (as amended from time to time, "**Loan Agreement**") between Borrower and Lender.  All terms not otherwise defined herein shall have the meanings set forth in the Loan Agreement.

B.      As a condition precedent to Lender's extension of the Loan to Borrower and in consideration therefor, Lender has required the execution and delivery of (i) this Guaranty by Guarantor, (ii) that certain Promissory Note of even date herewith (as amended from time to time, "**Note**") made by Borrower payable to Lender to evidence the Loan, (iii) that certain Construction Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing of even date herewith (as amended from time to time, "**Mortgage**") from Borrower to Lender encumbering the real property, improvements and personalty described therein ("**Mortgaged Property**"), and (iv) the other Loan Documents.

C.      Each Guarantor is a manager and holder of a 1/3 ownership interest in Borrower and, having a financial interest in the Mortgaged Property, has agreed to execute and deliver this Guaranty to Lender.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, each Guarantor hereby agrees as follows:

1.      Guaranty of Payment.   Each Guarantor hereby unconditionally and irrevocably guaranties to Lender, jointly and severally, the punctual payment and performance when due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of Borrower to Lender evidenced by the Note and any other amounts that may become owing by Borrower under the Loan Agreement and the other Loan Documents (such indebtedness, obligations and other amounts are hereinafter referred to as "Payment Obligations. This Guaranty is a present and continuing guaranty of payment and not of collectibility, and Lender shall not be required to prosecute collection, enforcement or other remedies against Borrower or any other guarantor of the Payment Obligations, or to enforce or resort to any collateral for the repayment of the Payment Obligations or other rights or remedies pertaining thereto, before calling on Guarantor for payment. If for any reason Borrower shall fail or be

unable to pay, punctually and fully, any of the Payment Obligations, Guarantor shall pay such obligations to Lender in full immediately upon demand. One or more successive actions may be brought against Guarantor, as often as Lender deems advisable, until all of the Payment Obligations are paid and performed in full, The Payment Obligations together with all other payment and performance obligations of Guarantor hereunder are referred to herein as the "Guaranteed Obligations".

2.     Guarantor's Waiver of Notice.   Guarantor absolutely, irrevocably and unconditionally waives notice of acceptance of this Guaranty and notice of any payment, liability or obligation to which it may apply, and waives presentment, demand of payment, protest, notice of dishonor or nonpayment of such liabilities under this Guaranty or any of the Loan Documents creating the Guaranteed Obligations and any suit or taking other action by the Lender against, and any other notice to, any party liable thereon or any property which may be security therefor.

3.     Lender's Rights.   The Lender may at any time and from time to time without the consent of, or notice to, Guarantor, without incurring any responsibility to Guarantor and without impairing or releasing any of the obligations of Guarantor hereunder, upon or without any terms or conditions and in whole or in part:

(a)     amend, modify, renew, supplement, extend (including extensions beyond the original term) or accelerate any of the Loan Documents, including without limitation, renew, alter or change the interest rate, manner, time, place or terms of payment or performance of any of the Guaranteed Obligations, or any liability incurred directly or indirectly in respect thereof, whereupon the guaranty herein made shall apply to the Guaranteed Obligations as so changed, extended, renewed or altered;

(b)     sell, exchange, release, surrender, and in any manner and in any order realize upon or otherwise deal with the Mortgaged Property or any property at any time directly and absolutely assigned or pledged or mortgaged to secure the Loan;

(c)     consent to the transfer of the Mortgaged Property or any portion thereof or any other Collateral (as defined in the Mortgage) described in the Loan Documents;

(d)     exercise or refrain from exercising any rights or remedies available to Lender under the Loan Documents or pursuant to any applicable statute against Borrower or any other person (including Guarantor) or otherwise act or refrain from acting with regard to the Loan Documents, Guaranteed Obligations or this Guaranty;

(e)     settle or compromise any of the Indebtedness (as defined in the Mortgage), any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and/or subordinate the payment of all or any part thereof to the payment of any liability of Borrower (whether or not then due) to creditors of Borrower other than the Lender and Guarantor;

(f)     release or discharge Borrower from its liability under any of the Loan Documents or release or discharge any Guarantor or endorser or any other party at any time directly or contingently, liable for the repayment of the Loan or any of Borrower's other obligations under the Loan Documents;

(g)     apply any sums in whatever manner paid or realized to any liability or liabilities of Borrower or Guarantor to the Lender regardless of what liability or liabilities of Borrower or Guarantor remain unpaid;

(h)     consent to or waive any breach of or any act, omission or default under the Loan Documents or accept partial performance of any of the obligations under this Guaranty or under any of the other Loan Documents; and/or

(i)     sell, convey, participate or assign all or any part of Lender's interest in this Guaranty and the other Loan Documents.

4.     <u>Guarantor Waiver of Defenses</u>.     Each Guarantor Guarantor unconditionally waives any defense to the enforcement of this Guaranty, including, without limitation:

(a)     Any defense arising by reason of Lender's failure to provide presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty;

(b)     Any defense of any statute of limitations affecting the liability of any Guarantor hereunder or the liability of Borrower, or any other guarantor under the Loan Documents, or the enforcement hereof, to the extent permitted by law;

(c)     Any defense arising by reason of (i) any invalidity or unenforceability of (or any limitation of liability in) any of the Loan Documents or (ii) any defense whatsoever that the Borrower may or might have to the payment of the Indebtedness or to the performance of any of the terms, provisions, covenants and agreements contained in the Loan Documents or (iii) any manner in which Lender has exercised its rights and remedies under the Loan Documents, or (iv) cessation from any cause whatsoever;

(d)     Any defense based upon any disability of Borrower or any Guarantor, lack of authority of the officers, directors, partners or agents acting or purporting to act on behalf of Borrower, Guarantor or any principal of Borrower or Guarantor or any defect in the formation of Borrower, Guarantor or any principal of Borrower or Guarantor as a legal entity;

(e)     Any defense based upon the application by Borrower of the proceeds of the Loan for purposes other than the purposes represented by Borrower to Lender or intended or understood by Lender or any Guarantor;

(f)     Any defense based upon an election of remedies by Lender, including any election to proceed by judicial or nonjudicial foreclosure of any security, whether real property or personal property security, or by deed in lieu thereof, and whether or not every aspect of any foreclosure sale is commercially reasonable, or any election of remedies, including remedies relating to real property or personal property security, which destroys or otherwise impairs the subrogation rights of Guarantor to proceed against Borrower or any guarantor for reimbursement, or both;

-3-

(g) Any defense based upon any statute or rule of law which provides that the obligation of a surety must be neither larger in amount nor in any other aspects more burdensome than that of a principal;

(h) Any defense based upon Lender's election, in any proceeding instituted under the Federal Bankruptcy Code, of the application of Section 1111(b)(2) of the Federal Bankruptcy Code or any successor statute;

(i) Any defense based upon any borrowing or any grant of a security interest under Section 364 of the Federal Bankruptcy Code;

(j) Any defense based upon any duty of Lender to advise Guarantor of any information known to Lender regarding the financial condition of Borrower and all other circumstances affecting Borrower's ability to perform its obligations to Lender, it being agreed that each Guarantor assumes the responsibility for being and keeping informed regarding such condition or any such circumstances; and

(k) Any defense based on any right, claim or offset which any Guarantor may have against Borrower.

5.      Bankruptcy.

(a) The obligations of each Guarantor hereunder shall remain in full force and effect without regard to, and shall not be affected or impaired by any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution, liquidation or other like proceeding relating to Borrower, any Guarantor, any other guarantor (which term shall include any other party at any time directly or contingently liable for any of Borrower's obligations under the Loan Documents) or any affiliate of Borrower or any action taken with respect to this Guaranty by any trustee or receiver, or by any court, in any such proceeding, whether or not any Guarantor shall have had notice or knowledge of any of the foregoing.

(b) Notwithstanding any modification, discharge or extension of the maturity date of the Note or any amendment, modification, stay or cure of the Lender's rights under the Note, the Loan Agreement, Mortgage or other Loan Document which may occur in any bankruptcy or reorganization case or proceeding affecting the Borrower, whether permanent or temporary, and whether or not assented to by the Lender, Guarantor hereby agrees that Guarantor shall be obligated hereunder to pay the amounts due hereunder in accordance with the terms of this Guaranty as in effect on the date hereof

(c) Each Guarantor agrees that to the extent that Borrower makes a payment or payments to Lender, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set side or required, for any of the foregoing reasons or for any other reasons, to be repaid or paid over to a custodian, trustee, receiver or any other party under any bankruptcy act, state or federal law, common law or equitable cause, then to the extent of such payment or repayment, the obligation or part thereof intended to be satisfied shall be revived and continue in full force and effect as if such payment had not been made and Guarantor shall be primarily liable for this obligation.

-4-

6.     Subrogation Waiver/Subordination.

(a)     Notwithstanding any provision to the contrary contained in the other Loan Documents or this Guaranty, each Guarantor hereby unconditionally and irrevocably waives until all obligations under the Loan Documents have been paid and performed in full (i) any and all rights of subrogation (whether arising under contract, 11 U.S.C. §509 or otherwise), to the claims, whether existing now or arising hereafter, the Lender may have against Borrower, and (ii) any and all rights of reimbursement, contribution or indemnity against Borrower or any future guarantors of any obligations under the Loan Documents) which may have heretofore arisen or may hereafter arise in connection with any guaranty or pledge or grant of any lien or security interest made in connection with any obligations under the Loan Documents. Each Guarantor hereby acknowledges that the waiver contained in the preceding sentence (the "Subrogation Waiver") is given as an inducement to the Lender to enter into the Loan Documents and, in consideration of the Lender's willingness to enter into the Loan Documents, each Guarantor agrees not to amend or modify in any way the Subrogation Waiver without the Lender's prior written consent. If any amount shall be paid to any Guarantor on account of any claim set forth at any time when all of the obligations under the Loan Documents shall not have been paid or performed in full, such amount shall be held in trust by such Guarantor for the Lender's benefit, shall be segregated from the other funds of such Guarantor and shall forthwith be paid over to the Lender to be applied in whole or in part by the Lender against such obligations, whether matured or unmatured. Nothing contained herein is intended or shall be construed to give to any Guarantor any rights of subrogation or right to participate in any way in the Lender's rights, title or interest in the Loan Documents, notwithstanding any payments made by any Guarantor under this Guaranty, all such rights of subrogation and participation being hereby expressly waived and released.

(b)     In the event that any Guarantor shall advance or become obligated to pay any sums with respect to any obligation hereby guaranteed or in the event that for any reason whatsoever Borrower or any subsequent owner of the collateral securing the Loan is now, or shall hereafter become, indebted to any Guarantor, each Guarantor agrees that the amount of such sums and of such indebtedness together with all interest thereon, shall at all times be subordinate as to the lien, time of payment and in all other respects, to all sums, including principal, interest and other amounts, at any time owing to the Lender under any of the Loan Documents and that no Guarantor shall be entitled to enforce or receive payment thereof until all such sums owing to the Lender have been paid. Nothing herein contained is intended or shall be construed to give to any Guarantor any right to participate in any way in the right, title or interest of the Lender in or to the collateral securing the Loan, notwithstanding any payments made by any Guarantor under this Guaranty, all such rights of participation being hereby expressly waived and released.

7.     Guarantor's Representations and Warranties.  Each Guarantor makes the following representations and warranties which shall survive the execution and delivery of this Guaranty:

(a)     Guarantor has the power and authority to execute, deliver and carry out the terms and provisions of this Guaranty and has duly authorized, executed, and delivered the same.

-5-

(b)     Neither the execution and delivery of this Guaranty, nor the consummation of the transactions herein contemplated, nor compliance with the terms and provisions hereof, will contravene any provision of law, statute, rule or regulation to which any Guarantor is subject or any judgment, decree, franchise, order or permit applicable to any Guarantor, or will conflict or will be inconsistent with, or will result in any breach of, any of the terms, covenants, conditions or provisions of, or constitute a default under, or result in the creation or imposition of any lien, security interest, charge or encumbrance upon any of the property or assets of any Guarantor pursuant to the terms of, any indenture, mortgage, deed of trust, agreement or other instrument to which any Guarantor is a party or may be bound or subject.

(c)     No consent or approval of, or exemption by, any governmental or public body or authority is required to authorize, or is required in connection with the execution, delivery and performance of, this Guaranty or of any of the instruments or agreements herein referred to, or the taking of any action hereby contemplated.

8.     <u>Intentionally omitted</u>.

9.     <u>Guarantor's Relationship to Borrower</u>.  Each Guarantor is related and/or affiliated with Borrower, has personal knowledge of and is familiar with Borrower's business affairs and books and records.  Each Guarantor warrants that Borrower is in sound financial condition as of the date of this Guaranty, and that to each Guarantor's knowledge Borrower will perform its obligations under the Loan Documents in accordance with the terms and conditions thereof.

10.     <u>Mortgage Priority</u>.  Nothing herein contained shall in any manner affect the lien or priority of the Mortgage securing the Note, and upon the occurrence of an Event of Default (as defined in the Mortgage), the Lender may invoke any remedies it may have under the this Guaranty or the other Loan Documents, either concurrently or successively and the exercise of any one or more of such remedies shall not be deemed an exhaustion of such remedy or remedies or a waiver of any other remedy or remedies and shall not be deemed an election of remedies.   The exercise by the Lender of any such remedies shall not release or discharge any Guarantor from its obligations hereunder unless and until the full amount of the Indebtedness evidenced by the Note and secured by the Mortgage has been fully paid and satisfied.

11.     <u>Duration of Guaranty</u>.  This Guaranty shall remain in full force and effect until all obligations of the Borrower and each Guarantor under the Loan Documents have been satisfied in full and are no longer subject to disgorgement under any applicable state or federal creditor rights or bankruptcy laws.  No delay on the part of the Lender in exercising any options, powers or rights, or the partial or single exercise thereof, shall constitute a waiver thereof.  No waiver of any rights hereunder, and no modification or amendment of this Guaranty, shall be deemed to be made by the Lender unless the same shall be in writing, duly signed on behalf of the Lender, and each such waiver (if any) shall apply only with respect to the specific instance involved and shall in no way impair the rights of the Lender or the obligations of each Guarantor to the Lender in any other respect at any other time.  This Guaranty is binding upon each Guarantor, such Guarantor's heirs, personal representatives, successors or assigns, and shall

inure to the benefits of the Lender and its successors or assigns including (without limitation) any other holder at any time of the Loan Documents.

12. <u>Guarantor's Familiarity with the Loan Documents</u>.   Each Guarantor acknowledges that copies of the Loan Documents have been made available to such Guarantor and that Guarantor is familiar with their contents.  Guarantor affirmatively agrees that upon any transfer of the Mortgaged Property in accordance with the provisions of the Mortgage, it shall not be necessary for any Guarantor to reaffirm its continuing obligations under this Guaranty, but each Guarantor will do so upon request by Lender.

13. <u>Notices</u>.   All notices, consents, approvals and requests required or permitted hereunder shall be given in writing and shall be effective for all purposes if hand delivered or sent by: (a) certified or registered United States mail, postage prepaid, (b) expedited prepaid delivery service, either commercial or United States Postal Service, with proof of attempted delivery; or (c) facsimile provided a confirming copy is sent the same day in the manner set forth in (b) above, addressed in either case as follows:

If to Guarantor, at the following address:

Kially M Ruiz
60 Almy Knoll Terrace
Portsmouth, RI  02871

Bradford S. Cleaves
122 Salem St.
Portland, ME  04102

Duncan S. Peterson
415 VFW Drive, Post Office Box 415
Rockland, MA  02370

If to Lender, at the following addresses:

Cathay Bank
621 Washington Street
Boston, MA 02111
Attention:
Facsimile:

With a copy to:

Day Pitney LLP
One International Place
Boston, MA 02110
Attention:  William M. Pezzoni, Esq.

or to such other address and person as shall be designated from time to time by Guarantor or Lender, as the case may be, in a written notice under this Section 13. A notice shall be deemed given: in the case of hand delivery or by facsimile, at the time of delivery; in the case of certified or registered mail, three Business Days after deposit in the United States Mail; or in the case of expedited prepaid delivery, upon the first attempted delivery on a Business Day. A party receiving a notice that does not comply with the technical requests for notice under this Section 13 may elect to waive any deficiencies and treat the notice as having been properly given.

14.     <u>Successors and Assigns</u>. All references to Lender and Guarantor shall be deemed to include references to their successors and assigns.

15.     <u>Governing Law</u>. In all respects, including, without limitation, matters of construction and performance of this Guaranty and the obligations arising hereunder, this Guaranty shall be governed by, and construed in accordance with, the laws of the state in which the Mortgaged Property is located applicable to contracts and obligations made and performed in such state and any applicable laws of the United States of America. Interpretation and construction of this Guaranty shall be according to the contents hereof and without presumption or standard of construction in favor of or against Guarantor or Lender.

16.     <u>Waiver of Trial by Jury</u>. EACH GUARANTOR HEREBY WAIVES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS AGREEMENT. THIS WAIVER IS KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY MADE BY EACH GUARANTOR, AND EACH GUARANTOR ACKNOWLEDGES THAT LENDER HAS NOT MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. EACH GUARANTOR FURTHER ACKNOWLEDGES THAT GUARANTOR HAS BEEN REPRESENTED (OR HAS HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS AGREEMENT BY INDEPENDENT LEGAL COUNSEL, SELECTED BY SUCH GUARANTOR, AND THAT EACH GUARANTOR HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.

17.     <u>Jurisdiction</u>. Each Guarantor hereby submits to personal jurisdiction in the state in which the Mortgaged Property is located for the enforcement of the provisions of this Guaranty and irrevocably waives any and all rights to object to such jurisdiction for the purposes of litigation to enforce any provision of this Guaranty. Each Guarantor hereby consents to the jurisdiction of and agrees that any action, suit or proceeding to enforce this Guaranty may be brought in any state or federal court in the state in which the Mortgaged Property is located. Each Guarantor hereby irrevocably waives any objection that they may have to the laying of the venue of any such actions, suit, or proceeding in any such court and hereby further irrevocably waive any claim that any such action, suit or proceeding brought in such a court has been brought in an inconvenient forum.

18.     <u>Attorneys' Fees</u>. In addition to all other amounts payable by Guarantor hereunder, each Guarantor hereby agrees to pay to Lender upon demand any and all reasonable attorneys' fees, costs and expenses, including all fees costs and expenses incurred in all enforcement, probate, appellate and bankruptcy proceedings, as well as any post-judgment

proceedings to collect or enforce any judgment or order relating to the obligations of any Guarantor under this Guaranty.

19.    Partial Invalidity.    Should any part of this Guaranty be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity and enforceability of the remaining portion of the Guaranty.

20.    Definitions.    Any term not defined herein shall have the meaning set forth in the Mortgage.

21.    Joint and Several.    In the event there is more than one Guarantor, the obligations of each Guarantor shall be joint and several for all purposes, and each covenant, representation and warranty made hereunder shall be deemed to have been made by each and every Guarantor.

22.    Counterparts.    This Guaranty may be executed in counterparts, which together shall constitute one original agreement.

23.    Limitation of Liability.    Under no circumstances shall Guarantor's liability hereunder be reduced by, from or as a result of any payment to or amount realized by Lender from any rents, deposits, insurance proceeds, condemnation awards, proceeds from bankruptcy sale, foreclosure or any conveyance in lieu of foreclosure or from any other profits, avails, revenues or proceeds derived from the Mortgaged Property, and only payments made to Lender by any Guarantor out of his personal funds not derived from the Mortgaged Property after demand therefor by Lender shall be applied against such liability.    Furthermore, the foregoing limitation on liability shall not limit in any way the liability of Guarantor pursuant to or arising from the Performance Guaranty of even date herewith made by the Guarantor (the **"Performance Guaranty"**) or any of the other covenants, representations, warranties or other provisions hereof, nor shall such limitation limit the liability of Guarantor that may arise out of the obligations set forth in the Environmental Indemnity Agreement of even date herewith made by Guarantor and Borrower in favor of Lender (the **"Indemnity Agreement"**), the intent being that Guarantor shall have unlimited liability with respect to the Performance Guaranty, such other covenants, representations, warranties and other provisions and the Indemnity Agreement.

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the date first written above.

GUARANTOR:

_____
BRADFORD S. CLEAVES

_____
DUNCAN S. PETERSON

_____
KIALLY M. RUIZ

-10-